LOUISVILLE & NASHVILLE RAILROAD COM-
PANY *v.* UNITED STATES ET AL.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF KENTUCKY.

No. 91. Submitted November 23, 1917.—Decided January 7, 1918.

The appellant applied to the Interstate Commerce Commission under § 4 of the Act to Regulate Commerce, as amended June 18, 1910, for relief from the long and short haul provision with reference to many hundred points on its line, including Nashville, Louisville and Bowling Green. After a full, separate hearing of the conditions affecting rates applicable to the three places named, the Commission made an order merely denying the appellant the authority to con-

tinue on certain traffic through Bowling Green to Louisville and to Nashville lower rates "than are contemporaneously in effect on like traffic to and from Bowling Green." *Held:* (1) That the Commission's findings of fact, based on ample evidence, were conclusive. (2) That the order was not objectionable as to form or as broader than the hearing, or because other phases of the application were not acted upon, or as otherwise beyond the Commission's power. (3) That, on the issues presented, the validity of the order depended on the evidence before the Commission, and the trial court in this suit to set it aside did not err in excluding other evidence.

225 Fed. Rep. 571, affirmed.

THE case is stated in the opinion.

*Mr. Henry L. Stone, Mr. Wm. A. Colston, Mr. Wm. A. Northcutt, Mr. Nelson W. Proctor* and *Mr. Wm. Burger* for appellant.

*Mr. Assistant Attorney General Frierson* and *Mr. Alex. Koplin* for the United States.

*Mr. Joseph W. Folk* for the Interstate Commerce Commission.

MR. JUSTICE BRANDEIS delivered the opinion of the court.

Bowling Green, Kentucky, is located on the main line of the Louisville and Nashville Railroad, 114 miles south of Louisville and 73 miles north of Nashville. Prior to the year 1910 the Railroad had established many rates to and from Bowling Green which were higher than those charged by it for longer distances over the same route in the same direction to and from Louisville and Nashville. The amendment to § 4 of the Act to Regulate Commerce, made June 18, 1910 (c. 309, 36 Stat. 539, 547), prohibits any such higher charges for shorter distances unless previously authorized by the Interstate Commerce

Commission; but it provided that carriers might, within six months thereafter, apply to the Commission for authority to continue in effect charges of that nature then lawfully existing. Within the period so fixed the Railroad filed such an application covering many hundred different places scattered over its extended system, and including both Louisville and Nashville. That part of the application which sought to continue in effect lower rates to and from Louisville and Nashville than those in effect to and from Bowling Green, was heard separately.[1] The Railroad sought to justify the lower charges for the longer distances by showing that it had to meet, particularly as to Nashville traffic, competition both by water and by rail. This contention was opposed by evidence to the effect that at Bowling Green, also, there was water competition, actual or potential, and that at Nashville there was no real rail competition. After full hearing an order was entered which (after several revisions) merely denied to the Railroad authority to continue on certain traffic through Bowling Green to Louisville and to Nashville lower rates "than are contemporaneously in effect on like traffic to and from Bowling Green." *Bowling Green Business Men's Association* v. *Louisville & Nashville R. R. Co.*, 24 I. C. C. 228.

The Railroad then brought this suit in the Commerce Court to set aside the order of the Commission and asked for a temporary injunction.[2] Upon the abolition of that

---

[1] Rates to Clarksville, a city 64 miles southwest of Bowling Green on a branch line of the Railroad were considered at the same time, but the order here assailed did not deal with Clarksville rates.

[2] The Commerce Court dismissed the bill for want of jurisdiction on the ground that its jurisdiction to review orders of the Commission applied only to affirmative orders (207 Fed. Rep. 591). Pending an appeal of the case to this court, *Intermountain Rates Cases*, 234 U. S. 476, was decided, whereupon appellees herein confessed error, the decree was reversed and the case was remanded to the District Court for further proceedings.

court by Act of October 22, 1913, c. 32, 38 Stat. 208, 219, the case was heard in the District Court of the United States for the Western District of Kentucky before three judges. The Railroad assailed the validity of the order on many grounds; but its main contentions were, that the order complained of was not such a negative order as was contemplated by the fourth section of the Act to Regulate Commerce, was not responsive to the application and hence, was not such an order as the Commission had power to make; and also that its decision was "contrary to the indisputable nature of the evidence" and not supported by any evidence. The District Court refused to grant a temporary injunction and dismissed the bill. (225 Fed. Rep. 571.)

The case comes here by direct appeal; and thirty-eight errors are assigned. Eleven relate to the weight or sufficiency of the evidence before the Commission. The evidence was conflicting. And, as there was ample to sustain the findings, they are conclusive. *United States* v. *Louisville & Nashville R. R. Co.*, 235 U. S. 314, 320. Other assignments present, in substance, either criticism of the reasoning of the Commission or of the form of the order, or assert unsubstantial or unsubstantiated irregularities in practice before the Commission; such as that the order deprived plaintiff of its property without due process of law, because the order was "broader than the hearing held in connection therewith," or that it was invalid because the Commission failed to act on "other phases" of the application. *United States* v. *Merchants' and Manufacturers' Traffic Association*, 242 U. S. 178. Other errors assigned relate to the exclusion by the court of evidence which was clearly inadmissible, both because of the character of the evidence and because, on the issues presented, the validity of the order must be determined upon the evidence introduced before the Commission. Still other assignments allege, in varying language but without

statement of reasons, that the Commission was without power to enter the order or that the court erred in denying the relief prayed for. Many of the assignments of error are not now insisted upon. None deserves detailed discussion. All are unsound. The decree dismissing the bill is

*Affirmed.*