By the Court.
 

 These four cases were heard together and the legal questions presented are substantially alike. It appears that, upon the abandonment by the Western Ohio Electric Railway Company of transportation service in the territory involved in this proceeding, the Cincinnati & Lake Erie Bus Company filed separate applications for certificates of convenience and necessity for the transportation of passengers in the same territory: One over a route from
 
 *471
 
 Findlay to Fremont, Ohio; another over a ronte from Wapakoneta to Celina and from St. Marys to Minster, Ohio; a third over a ronte from Findlay to Piqna, Ohio. A fourth application for a certificate of public convenience and necessity was applied for by the Zanesville-Columbus Red Star Company, for transportation of passengers over a route extending from Piqua to Fremont, Ohio, and from Wapakoneta to Celina, Ohio.
 

 The public utilities commission denied the application of the Red Star Company and granted the applications of the Cincinnati & Lake Erie Bus Company over the routes asked for by it; the commission, finding that public convenience and necessity required the operation over said routes, and basing its finding largely upon the decision of this court in
 
 Pennsylvania General Transit Co.
 
 v.
 
 Public Utilities Commission,
 
 123 Ohio St., 655, 176 N. E., 573. Rehearings having been denied, the plaintiff in error in above cases instituted proceedings in this court asking that the order of the commission be reversed.
 

 Upon the questions of fact, relating to public convenience and necessity, we are of the opinion that the record fully justified the commission in granting the applications of the Cincinnati & Lake Erie Bus Company, and, if the commission had jurisdiction to make such orders, they should be affirmed.
 

 Sections 614-90 and 614-91, General Code, provide that the commission shall adopt rules prescribing forms of applications, so as to show the routes over which applicants desire to operate, the time schedules for operation, the tariffs to be charged, and a map showing the highways over which applicants propose to operate. The commission adopted rules to that effect, and supplied blanks to be filed by the applicants showing these detailed requirements. Instead of strictly complying with those rules by filing such details, it appears that the original applications failed
 
 *472
 
 to state the kind of equipment to be used; nor was the time schedule indicated in, or a map attached to, the applications, the applications containing in lieu thereof clauses such as “details to follow,” and “details and map to be furnished later;” and in the prescribed form no schedule of tariffs was supplied, the applications containing instead the clause ‘ ‘ exhibit to be attached later.” These various details and exhibits, including a map of the routes, were attached to the applications a few days later, obviously with the knowledge and approval of the commission, and were by it considered. It is clear that the commission at the time of hearing was as fully advised of the proposed route, the equipment to be used, and the tariff to be charged, as if the supplied details had been, appended to the applications at the time of their filing.
 

 Proofs of publication were offered at the trial. All the publications notified the parties interested that they might obtain further information by addressing the public utilities commission. The advertisement in two of the cases contained the statement that the schedule of operations was to connect with authorized transportation north and south from Findlay and Wapakoneta, respectively, and was sufficient to advise the commission and any interested protestant that the schedule of service expected to be rendered was such as would connect with such north and south service connections as the commission might thereafter determine.
 

 The legal questions presented by the plaintiff in error to this court are as follows: It is contended that the public utilities commission had no power or jurisdiction to grant the applications of the Cincinnati
 
 &
 
 Lake Erie Bus Company: (1) Because publication of the applications was not made in each county through which its route passed, as required by law. (2) That Sections 614-90 and 614-91, General Code, were not complied with, in that no schedule of rates and no
 
 *473
 
 statement in respect to equipment or the number of trips to be made were contained in the filed applications, and that no map was attached thereto. (3) That after the applications were filed with the commission, they were changed by an agent of the applicant without the commission’s approval.
 

 The' last clause of Section 614-91, General Code, provides that after applications have been filed by the applicant they may be amended. That clause reads as follows: ‘ ‘ The applicant shall have the right, either before or after hearing or action by the commission to amend, modify or alter such application by filing with the commission an amendment to such application or a supplemental application which shall in turn be considered by the commission and be governed in the same manner as is provided in case of an original application;”
 

 As hereinbefore stated, the applications of the Cincinnati & Lake Erie Bus Company were so amended as to supply the details-omitted in the original applications. The record fully discloses that the cases were heard and disposed of by the commission as if the omitted details had been originally appended to the applications first filed. The plaintiff in error not only entered its appearance, but took part in the trial with knowledge that the omitted details had been supplied by the amendment of the applications, with the apparent approval of the commission; and since the record does not disclose any prejudice resulting to the plaintiff in error, by reason of the later attaching of the requisite details to the original applications, the court will not disturb the findings of the commission, and its orders in the foregoing cases will be affirmed.
 

 Orders affirmed.
 

 Jones, Matthias, Day, Aneen, Kinkade and Stephenson, JJ., concur.