**WALLED LAKE DOOR COMPANY,**
Plaintiff,

v.

**UNITED STATES of America,**
Defendant,
and
Interstate Commerce Commission,
Intervening Defendant.

No. 20386.

United States District Court
E. D. Michigan, S. D.
Sept. 6, 1962.

Harold A. Sleeper, Detroit, Mich., Harry D. Fenske, Dearborn, Mich., for plaintiff.

Lawrence Gubow, U. S. Atty. for Eastern Dist. of Michigan, for the United States. Robert Ritzenhein, Asst. U. S. Atty. for Eastern Dist. of Michigan, Robert A. Bicks, Asst. Atty. Gen., and John H. D. Wigger, Atty. Washington, D. C., Dept. of Justice, also represented the United States at certain stages of the action.

Robert W. Ginnane, Gen. Counsel for I. C. C., Leonard S. Goodman, Office of Gen. Counsel, Washington, D. C., for Interstate Commerce Commission.

Andrew C. Armstrong, Baltimore, Md., for B. & O.

Julian C. Sipple, Savannah, Ga., for Central of Ga.

Benson T. Buck, Detroit, Mich., for C. & O.

J. Raymond Clark, Philadelphia, Pa., for Pa. R. R.

Ray M. Van Hook, Washington, D. C., for Southern R. R.

TALBOT SMITH, District Judge.

This is an action against the United States to set aside an order of the Interstate Commerce Commission, hereinafter referred to as the ICC. The order complained of dismissed a complaint filed by plaintiff with the ICC against a number of railroad companies, alleging, primarily, that it had been subjected to the payment of "unjust and unreasonable" rates for the transportation of plywood. The ICC and several railroad companies have been granted leave to intervene in the present action as parties defendant.

On February 15, 1961, the plaintiff addressed certain interrogatories to the ICC and filed a motion for an order requiring the ICC to produce a number of documents. The ICC objected to both the interrogatories and the motion to produce. After two hearings were held on these objections, the area of controversy was narrowed down to a list of some thirteen documents, as listed and described in the stipulation of plaintiff and the ICC filed with this court on January 10, 1962. These documents are all internal memoranda and draft reports of the ICC.

The ICC has objected to production of the documents in dispute on two grounds: first, that such internal memoranda, staff recommendations, and instruments similar in nature, are privileged, as being an integral part of the

**260**

decision-making machinery of an administrative agency; and secondly, that the documents are in any event irrelevant, since in reviewing an administrative order the Court must base its decision solely on evidence in the record.

■ Both of the ICC's objections are well-taken. As the Supreme Court made it clear in the so-called "second Morgan" case, in reviewing an administrative order it is not a proper function of the Court "to probe the mental processes" of the decision-making agency. Morgan v. United States (1938), 304 U. S. 1, 18, 58 S.Ct. 773, 776, 82 L.Ed. 1129. This statement was reemphasized in the so-called "fourth Morgan" case, in which the Supreme Court significantly added that "Just as a judge cannot be subjected to such a scrutiny * * * so the integrity of the administrative process must be equally respected". United States v. Morgan (1941), 313 U.S. 409, 422, 61 S.Ct. 999, 1004, 1005, 85 L.Ed. 1429.

Plaintiff urges that the court examine the instruments in camera, "winnowing out" any privileged matter from that not privileged. What the plaintiff overlooks is that, upon facts such as before us, all of the internal workings of the agency are privileged, just as memoranda between a judge and his clerk. United States v. Morgan, 313 U.S. 409, 61 S.Ct. 999, 85 L.Ed. 1429, supra. That is to say, their privilege arises not from their content but from their nature, they being the internal working papers of the Commission.

Plaintiff relies upon United States v. Reynolds (1953), 345 U.S. 1, 73 S.Ct. 588, 97 L.Ed. 727, a Tort Claims Act case. It is not in point. The production of certain investigative reports was discussed by the Court with reference to "judicial control over the evidence in the case". But here the Court has no trial function. It proceeds upon the record made before the Commission itself, and hence the rationale of the Reynolds discussion does not apply.

The case from this circuit of Appeal of United States Securities and Exchange Commission, 226 F.2d 501, is squarely against plaintiff's position. It was there held " * * * that the Commission, its General Counsel, and its representatives * * * were within their lawful rights in declining to produce the reports and intra-agency communications demanded by the attorney for plaintiffs and the district judge". 226 F.2d 501, 520 (6th Cir. 1955).

■ The defendant ICC also argues that the principle above referred to of the nature of the hearing in the District Court (i. e., not being a trial *de novo*) renders the documents in question irrelevant and inadmissible. The Commission's point is well taken. Review is upon the record made before the Commission. Louisville and Nashville R. R. Co. v. United States (1918), 245 U.S. 463, 38 S.Ct. 141, 62 L.Ed. 400. It has been well said that to allow "[the Commission's] findings to be attacked or supported in court by new evidence would substitute the court for the administrative tribunal * * * *". Tagg Bros. & Moorhead v. United States (1930), 280 U.S. 420, 444, 50 S.Ct. 220, 226, 74 L.Ed. 524. Thus the material sought cannot "lead to the discovery of admissible evidence". Rule 26 (b), Rules of Civil Procedure, 28 U.S.C. A.

Plaintiff's motion for production of documents is denied. Defendant ICC's objections to interrogatories concerning those documents are sustained.

It is so ordered.