**NATIONAL TRAILER CONVOY, INC.,**
**Plaintiff,**

v.

**UNITED STATES of America and Interstate Commerce Commission,**
**Defendants.**

**Civ. A. No. 5976.**

United States District Court
N. D. Oklahoma.

March 22, 1965.

Rehearing Denied April 26, 1965.

Harold G. Hernly, Harold G. Hernly, Jr., Washington, D. C., and Wrape & Hernly, Washington, D. C., of counsel, and Jack N. Hays and Gable, Gotwals, Hays, Rubin & Fox, Tulsa, Okl., of counsel, for plaintiff.

William H. Orrick, Jr., Asst. Atty. Gen., and John H. D. Wigger, Atty., Dept. of Justice, Washington, D. C., and John M. Imel, U. S. Atty., Tulsa, Okl., for defendant the United States.

Robert W. Ginnane, Gen. Counsel, and Thomas H. Ploss, Washington, D. C., for defendant Interstate Commerce Commission.

Ernie Adamson and F. H. Floyd, Washington, D. C., Robert W. Loser, Indianapolis, Ind., Martin E. Wyatt, Tulsa., Okl., for amici curiae on rehearing.

Before BREITENSTEIN, Circuit Judge, and DAUGHERTY and BARROW, District Judges.

BREITENSTEIN, Circuit Judge.

This action seeks to set aside a report and order of the Interstate Commerce Commission entered in its Docket No. MC–106398 (Sub-No. 167), National Trailer Convoy, Inc., Extension-Portable Buildings.[1] The Commission found that the certificate of National Trailer Convoy, Inc., plaintiff herein, did not authorize the transportation of commodities referred to as sectionalized homes and denied National's request for such authority.

National held various certificates issued by the Commission and granting the right to transport "trailers designed to be drawn by passenger automobiles." It applied for a certificate covering five items, viz.: shrimp boats (mobile kitchens or restaurants), egg factories (hen houses), coin operated laundries, motel units, and sectionalized homes. At the hearing and after the examination of its operating witnesses, National moved to dismiss the application on the ground that its existing certificate covered the commodities. The Hearing Examiner

1. The Commission Report is published at 91 M.C.C. 301.

agreed and recommended dismissal of the application. Upon exceptions by two protestants the Commission affirmed except as to the sectionalized homes. National here complains that the Commission order is arbitrary and capricious and fails to follow Commission precedent on the interpretation of commodity descriptions.

The Hearing Examiner described the commodity in dispute thus:

"[A] portable home which is moved in two units, each completely finished, one containing living room and bedroom and the other containing kitchen, bath, and other appurtenances. These structures are built separately and move on two separate undercarriages equipped with hitch balls. When they arrive at the site they are merely placed together, side by side, and attached to form a completed house approximately 42 by 20 feet. The undercarriages are removed and returned to the shipper."

In Illinois Trailer Convoy, Inc., Extension, 47 M.C.C. 315, 317, the Commission said that it used the term "trailers designed to be drawn by passenger automobiles" to distinguish between so-called house trailers and commercial trailers, that the term is merely descriptive of the articles to be transported, and that it does not require the motive power to be furnished by a passenger automobile. In the parlance of the industry the house trailer category is referred to as "hitch ball" and the commercial as "fifth wheel" because of the method used in connecting the trailer to the motive power.

In the instant case the Commission said that the primary problem was whether the commodities could be properly described as trailers. It held that the shrimp boats, egg factories, coin-operated laundries, and motel units had the same substantial characteristics as

house trailers and were within the category of "trailers designed to be drawn by passenger automobiles." As to the sectionalized homes the Commission pointed out that they were built in two sections which were joined together to make a house permanently situated at the point of destination. The Commission held that they did not possess the determinative characteristics of house trailers because they were not single units or mobile units and that they were not within National's operating authority.

■ The Commission has done no more than construe or interpret a certificate granted by it. The rule is that the interpretation or construction by the Commission of a certificate issued by it will be overturned by the courts only if clearly erroneous.[2]

In substance the argument of National is that the description "trailers designed to be drawn by passenger automobiles" is a generic term covering all hitch ball type trailers. The difficulty is that the phrase describes a class of trailers. To be within it the commodity must be a trailer.

The Commission has differentiated between shrimp boats, egg factories, coin-operated laundries, and motel units on the one hand, all of which are single units and retain mobility after delivery, and sectionalized homes, on the other hand, which are not single units and which are permanently located after delivery. The commodities in the first group are held to be trailers and those in the second group are not.

National says that intended use is irrelevant and that industrial usage is the criterion for bringing a commodity within a generic description. In the situation presented the industry which manufactures the sectionalized homes has placed them on integrated undercarriages which make unnecessary the loading and unloading of the homes on and off flat bed, fifth wheel type, trailers

**2.** Andrew G. Nelson, Inc., v. United States, 355 U.S. 554, 558-559, 78 S.Ct. 496, 2 L.Ed.2d 484; Arrow Trucking Co. v. United States, N.D.Okl., 181 F.Supp. 775, 777.

by means of cranes. If this type of construction determines whether a commodity is a trailer, anything built with an undercarriage and a hitch ball is within the category.

National cites many decisions of the Commission relating to the commodity description here under consideration.[3] These show that by use of the description the Commission intended to provide a field of service flexible enough to embrace developments in the mobile home industry. They also show that newly developed commodities do not automatically come within the description because of a superficial resemblance or common characteristic. The identity of each new commodity must be examined to determine its proper classification.

Here we have a new commodity which is not built in single units and which is not intended to retain any mobility. The decision of the Commission that it is not a trailer is reasonable and not clearly erroneous. We agree with the government that a half-house in the process of delivery, though moving, is not a trailer but rather is half of a house.

The order of the Commission is affirmed. This opinion sufficiently states the findings of fact and conclusions of law of the court. Further findings of fact and conclusions of law are not necessary. The clerk will enter an appropriate judgment.

## ON PETITION FOR REHEARING

### PER CURIAM.

At the trial National argued that the commodity description in its certificate covered all hitch ball trailers. The petition for rehearing is on the narrower ground that the Commission's finding of no retained mobility is without record support.

The Commission held that the sectionalized homes were not trailers because they were not single units and because they did not retain mobility. The present argument accepts the multiple unit finding but challenges the finding as to mobility.

National had the burden of satisfying the Commission that the sectionalized homes are within its authority. Although the facts pertaining to mobility were presented only casually to the Examiner, substantial evidence supports the finding that these homes "are not sold to customers as mobile units designed to be drawn upon the highways as trailers but are merchandised as stationary, factory-built homes." National Trailer Convoy, Inc., Extension Portable Buildings, 91 M.C.C. 301, 304. This finding justifies the conclusion that the sectionalized homes do not retain mobility after initial delivery.

We are asked to receive evidence of the development and operation of the mobile home industry since the hearing before the Examiner. National urges that such evidence will show retention of mobility and the public importance of available transportation for the repeated movement of the homes. Our review is confined to the record made before the Commission. United States v. Jones, 336 U.S. 641, 673, 69 S.Ct. 787, 93 L.Ed. 938, rehearing denied 337 U.S. 920, 69 S.Ct. 1150, 1151, 93 L.Ed. 1729; Louisville & N. R.R. v. United States, 245 U.S. 463, 466, 38 S.Ct. 141, 62 L.Ed. 400. If National believes that the Commission was wrong because important evidence was not brought to its attention, the appropriate remedy is to make a new application to the Commission which has the power and duty to grant relief if the evidence warrants the change. See Tagg Bros. & Moorhead v. United States, 280 U.S. 420, 445, 50 S.Ct. 220, 74 L.Ed. 524.

The petition for rehearing is denied.

3. For example: Consolidated Freightways Corp. of Delaware, Extension—Petrochemicals, 92 M.C.C. 443; Dealers Transit, Inc., Extension—Augusta, Kansas, 86 M.C.C. 571, 88 M.C.C. 369; Arco Auto Carriers, Inc., Extension—Escanaba, Mich., 86 M.C.C. 555; Leonard Bros. Transfer & Storage Co., Inc. v. Dealers Transit, Inc., 82 M.C.C. 191; and Kenosha Auto Transport Corp., Extension—21 States, 62 M.C.C. 446.