**Bert HUSSEY et al., Plaintiffs,**

**v.**

**UNITED STATES of America et al., Defendants.**

**No. 43120.**

United States District Court
N. D. California.

Nov. 24, 1965.

New Trial Denied June 8, 1967.

Donald F. Turner, Asst. Atty. Gen., John H. D. Wigger, Atty., Dept. of Justice, Washington, D. C., and Cecil F. Poole, U. S. Atty., San Francisco, Cal., for the United States.

Robert W. Ginnane, Gen. Counsel, and Arthur J. Cerra, Associate Gen. Counsel, I. C. C., Washington, D. C., for Interstate Commerce Commission.

Silver, Rosen & Kerr, San Francisco, Cal., for plaintiffs; Thomas R. Kerr and Martin J. Rosen, San Francisco, Cal., appearing.

Frank Loughran, of Berol, Loughran & Geernaert, San Francisco, Cal., and Marvin Handler, of Handler, Baker & Greene, San Francisco, Cal., for intervenors.

Before: BROWNING, Circuit Judge, and ZIRPOLI and WOLLENBERG, District Judges.

## ORDER DENYING MOTION TO DISMISS AND JUDGMENT

PER CURIAM.

This is a suit by plaintiffs for judicial review of an order of the Interstate Commerce Commission, Division 1, entered under Section 210a(a) of the Interstate Commerce Act, 49 U.S.C. § 310a(a) which granted twenty-five applications for "temporary authority" to transport household goods, as defined by the Commission, in interstate and foreign commerce between specified points and places in California.

The United States and the Commission have moved that the complaint be dismissed on the ground that the grant or denial of an application for temporary authority is, by Section 210a(a), a matter confided solely to the discretion of the Commission and is not subject to judicial review. By stipulation of the parties, the oral argument on the motion to dismiss was heard before U. S. District Judge Albert C. Wollenberg on September 8, 1965. Certain interested parties were permitted to intervene and file joint briefs. Thereafter the transcript of the oral argument before Judge Wollenberg, the record, and the briefs were considered by this three judge court.

The following shall constitute this court's findings of fact and conclusions of law as contemplated by Rule 52(a), Federal Rules of Civil Procedure.

### FINDINGS OF FACT

The twenty-five carrier applicants filed with the Commission their applications for temporary authority under Section 210a(a) of the Act (49 U.S.C.A. § 310a(a)) to transport in interstate commerce certain household goods. Each application was accompanied by a supporting letter of one or more shippers claiming a need for the proposed service and lack of other available motor carrier service. On the dates shown in Exhibit A–Y (attached to complaint) the Temporary Authorities Board of the Commission issued orders granting the applications for periods not to exceed 180 days.[1] Various petitions for reconsideration were filed by the protesting carriers which were denied by Division 1, Acting as an Appellate Division.

In each proceeding applications for corresponding permanent authority were filed with the Commission, all of which are now pending. The time period for all of the temporary authorities has been extended until determination of the corresponding applications for permanent authority. Most of the twenty-five carriers have been operating under temporary authority for ten months to a

---

1. Each application was protested by one or several other carriers. (Appendix A to the complaint.)

year and no final hearing date for permanent authority has yet been set.[2]

On December 21, 1964, the complaint in this proceeding was filed by plaintiffs asking that the court set aside and enjoin enforcement of the temporary authority grants given by the Commission. The gravamen of plaintiffs' complaint is that the Commission acted "arbitrarily and capriciously" in concluding that there was an immediate and urgent need for the additional twenty-five carriers. Defendants answer that this court has no jurisdiction to review the orders in question until after the applications for permanent authority are finally determined.

## CONCLUSIONS OF LAW

The Section of the Interstate Commerce Act under which the Commission acted in granting the twenty-five contested temporary authorities is set forth in Section 210a(a), 49 U.S.C.A. § 310a (a).[3] This section of the Act provides for temporary authority when there is an *immediate* and *urgent* need and there is no carrier service capable of meeting such need. In recognition of the emergency nature of these proceedings, Congress authorized that "The Commission may, *in its discretion, and without hearings or other proceedings*\* grant tem-

porary authority to carriers by motor vehicle.[4] Defendants contend that the express language permits of no doubt that the discretion of the Commission to grant temporary authority is "absolute", "unassailable", and "inviolate". See M. P. & St. L. Express, Inc. v. United States, 165 F.Supp. 677 (W.D.Ky.1958). They contend further that the action taken under Section 210a(a) in the present case was merely preliminary to the disposition of the applications for permanent authority and as such is not reviewable by this Court. See J–T Transport Co. v. United States, 191 F.Supp. 593 (W.D.Mo., 1961).

We agree with defendants that the standard of judicial review of the Commission's action taken under Section 210a(a) is not whether it is supported by substantial evidence, as in the case where an order granting or denying permanent authority is under review. Union Cartage Co. v. United States, 244 F.Supp. 1005 (D.C.Mass., 1965). However, we hold that this court does have jurisdiction to review the temporary orders with its scope of review extending solely to the issue of whether the Commission's determination of "urgent and immediate need" was arbitrary or capricious or whether the Commission acted without authority of law or committed an error of law.[5] Schenley Distillers Corp. v.

---

**2.** The temporary operating authority of the twenty-five carriers has been extended beyond 180 days. See Section 9(b) of Administrative Procedure Act, 5 U.S.C.A. § 1008(b), Pan-Atlantic S.S. Corp. v. Atlantic Coast Line R.R. Co., 353 U.S. 436, 77 S.Ct. 999, 1 L.Ed.2d 963 (1957). The Court need not consider whether such an extension is reasonable under the pleadings of this case. If the Commission's extension has become unreasonable in its duration, the plaintiffs may seek an appropriate remedy.

**3.** "To enable the provision of service for which there is an immediate and urgent need to a point or points or within a territory having no carrier service capable of meeting such need, the Commission may, in its discretion and without hearings or other proceedings grant temporary authority for such service by a

common carrier or a contract carrier by motor vehicle, as the case may be. Such temporary authority \* \* \* shall be valid \* \* \* for not more than an aggregate of one hundred and eighty days \* \* \*." 49 U.S.C.A. § 310a(a).

\* Emphasis ours.

**4.** In marked contrast are the provisions of Section 207(a) [permanent authority] which require that the Commission issue a certificate only after a full hearing and findings of fact.

**5.** The court is of the view that Section 10 of the Administrative Procedure Act, Title 5, U.S.C.A. § 1009 is inapplicable in that Title 28 § 1336 U.S.C.A. specifically confers jurisdiction to the district courts to review any orders of the Interstate Commerce Commission. Bowen Transports, Inc. v. United States, 116

United States, 3 Federal Carriers Cases (80,111) 50 F.Supp. 491 (Del.1943), Three "I" Truck Lines, Inc., et al. v. U. S., Federal Carriers Cases (81,762) (N.D.Iowa, 1965), Pennsylvania Railroad Company v. U. S., 13 C.C.H. Federal Carriers Cases (81,256) (E.D.Pa., 1959). In conducting its limited review of the temporary orders this court is confined to the administrative record made before the Commission.[6] Louisville & N. R. R. Co. v. United States, 245 U.S. 463, 466, 38 S.Ct. 141, 62 L.Ed. 400; United States v. Jones, 336 U.S. 641, 673, 69 S.Ct. 787, 93 L.Ed. 938 (1949). Cf. Tagg Bros. & Moorhead v. United States, 280 U.S. 420, 444, 50 S.Ct. 220, 74 L.Ed. 524 (1930). Its function is merely to determine whether the evidence in the record supports the agency determination of "urgent and immediate need".

█ A review of the administrative record in this case discloses that the Commission acted on the basis of applications filed by carriers and supported by letters from shippers, asserting an immediate and urgent need for the proposed additional service and a lack of other available carriers to supply it. It further discloses that the Commission did determine that an immediate and urgent need for service existed in each of the twenty-five cases. We find that in issuing its certificates on the basis of an application thus supported, the Commission did not act arbitrarily or capriciously. Union Cartage Co. v. United States, 244 F.Supp. 1005 (D.Mass., 1965), Pennsylvania R. R. v. United States, 13 C.C.H.Fed. Carrier Cases (81,256) (E.D.Pa., 1959).

Therefore, in accordance with the above, the motion to dismiss is denied and judgment entered for the defendant, Interstate Commerce Commission.

## ORDER DENYING PLAINTIFFS' MOTION FOR NEW TRIAL AND PLAINTIFF'S MOTION TO REQUIRE ANSWERS TO INTERROGATORIES AND PLAINTIFFS' MOTION TO AMEND

On November 24, 1965, this Court rendered its judgment, copy of which is attached hereto and made a part hereof.

On November 30, 1965, plaintiffs filed a motion for a new trial on the theory that there was insufficient evidence before the Court to sustain the action of the Interstate Commerce Commission's granting of the temporary authorities. On March 9, 1966, a hearing was held on this motion and plaintiffs' motion to order the Interstate Commerce Commission to answer certain of plaintiffs' interrogatories. On December 9, 1966, a further hearing was held on the above matters and in addition on plaintiffs' motion to file an amended complaint adding a second cause of action.

At the hearing on March 9, 1966, certified copies of the administrative record showing a representative sample of the applications [1] were put into evidence by plaintiffs. The certified records of later applications were put into evidence at the hearing on December 9, 1966. In addition on May 26, 1966, the Interstate

F.Supp. 115 (E.D.Ill.1953) Three "I" Truck Lines, Inc. et al. v. U. S., Federal Carriers Cases (81,762) (N.D.Iowa, 1965).

6. Since the review of the court is confined to the administrative record alone and does not allow for an inquiry into the theory or practice of the Commission's issuance of temporary authorities under Section 210a(a), Watson Bros. Transp. Co. v. United States, 180 F. Supp. 732, 740 (D.Neb.1950); United States v. Morgan, 298 U.S. 468, 56 S.Ct. 906, 80 L.Ed. 1288 (1936); Appeal of

U. S. Securities and Exchange Commission, 226 F.2d 501, 520 (6th Cir. 1955), the interrogatories propounded by the plaintiff in this case are not reasonably calculated to lead to discovery of admissible evidence. (2A Barron & Holtzoff, Federal Practice and Procedure, Section 641). Therefore defendants objections to such interrogatories are hereby sustained.

1. See Interstate Commerce Commission letter dated December 22, 1965, filed January 6, 1966.

Commerce Commission responded to two Court interrogatories with a sworn statement that none of the temporary authority certificates were granted on the basis of information or records not before this Court.

On the basis of this additional evidence, the oral arguments and the entire record before this Court, it is ordered that plaintiffs' motion for a new trial be denied and the order denying motion to dismiss and judgment of November 24, 1965 remain in effect.

■ Plaintiffs move this Court to require answers to further interrogatories from the Interstate Commerce Commission regarding the effect of its own internal staff memoranda and recommendations on its decision to grant the temporary authorities. The effect of these memoranda and recommendations on the Commission's decision is immaterial since the discretion to be exercised under Section 210a(a), 49 U.S.C. § 310a (a), is the responsibility of the Commission, not the Commission's staff. Accordingly, it is ordered that plaintiffs' motion to require defendant to answer further interrogatories is hereby denied.

■ Plaintiffs have filed a motion that they be permitted to amend their complaint to add a second cause of action based on the allegedly unreasonable delay by the Interstate Commerce Commission in proceeding with the final determination of the applications for permanent licenses involved in this case. This proposed second cause of action would involve facts, issues and evidence different from the original complaint filed in this action. In the interests of convenience and over-all justice, it would not be appropriate for this second cause of action to be joined to the original complaint and amendments thereto.

Accordingly, it is ordered that plaintiffs' motion to amend is hereby denied. However, this denial should not in any way be construed as a decision on the merits of a possible cause of action based upon delay in hearing the application for permanent licenses.