**AMERICAN PETROFINA CO. OF TEXAS et al., Plaintiffs,**

v.

**WILLIAMS BROTHERS PIPE LINE COMPANY, and Explorer Pipeline Company, Defendants.**

**Civ. A. No. KC–3513.**

United States District Court,
D. Kansas.

Aug. 7, 1972.

**489**

John M. Cleary, of Donelan, Cleary & Caldwell, Washington, D. C., Leonard O.

Thomas, of Weeks, Thomas, Lysaught, Bingham & Johnston, Kansas City, Kan., for plaintiffs.

James L. Grimes, Jr., Cosgrove, Webb & Oman, Topeka, Kan., Hall, Estill, Hardwick, Gable & Collingsworth, Tulsa, Okl., Sullivan & Worcester, Boston, Mass., for defendant Williams Brothers Pipe Line Co.

Thomas M. Van Cleave, Jr., McAnany, Van Cleave & Phillips, Kansas City, Kan., A. Duncan Whitaker, Howrey, Simon, Baker & Murchison, Washington, D. C., Howard D. McCloud, Tulsa, Okl., for defendant Explorer Pipeline Co.

## MEMORANDUM OPINION

O'CONNOR, District Judge.

This action concerns claims for reparations under the Interstate Commerce Act. The case was instituted by a group of petroleum shippers attacking as unlawful the present rates of two common carriers by pipeline subject to Part I of the Interstate Commerce Act, 49 U.S.C. §§ 1–27, inclusive. The rates are alleged to violate Sections 1(5), 2, and 3(1) of the Act. Plaintiffs seek to have the carriers pay damages for the alleged violations; cease and desist charging the assailed rates; and "put in force and apply in the future . . . such other rates and charges as may be deemed reasonable and just . . ."

The court has before it a motion by defendant (Williams Brothers) to dismiss the complaint on the ground that the Interstate Commerce Commission (Commission) has primary jurisdiction to decide each and every issue raised. Williams Brothers also maintains that the complaint fails to state a claim upon which relief can be granted; that irrespective of the primary jurisdiction doctrine, a complaint such as this involving rates and rate structures of common carriers is required to be filed initially with the Commission; and that plaintiffs' request for the court to enjoin Williams Brothers from applying its

**490**

present tariffs on file and to direct the filing of new rates as found to be just and reasonable, is outside the court's jurisdiction and falls within the sole and exclusive jurisdiction of the Commission.

Plaintiffs, as well as the Commission, concede the primary jurisdiction doctrine applies, but they strenuously contend the doctrine does not operate to deny this court its jurisdiction as established under Section 9 of the Interstate Commerce Act, and urge the court to stay rather than dismiss the action, refer the issues to the Commission for initial determination and thereafter, "the court would then have exclusive jurisdiction . . . to enforce, enjoin, set aside, or annul a Commission order arising out of the referral . . ."

Inasmuch as all parties agree that the issues raised require initial decision by the Commission, the question at hand is whether the complaint should be dismissed or merely stayed pending administrative action.

■ Certain criteria have developed to aid courts in determining the appropriate disposition of a case involving questions that first must be resolved by an administrative agency. The first goes to the power of the agency to exercise complete jurisdiction over the subject matter and to provide a remedy capable of ending the controversy—in other words, the agency's power to grant full and complete relief. [General American Tank Car Corp. v. El Dorado Terminal Co., 308 U.S. 422, 60 S.Ct. 325, 84 L.Ed. 361 (1940)]. A second criterion has to do with whether or not any substantial rights of the plaintiff will be lost should dismissal be granted. [Far East Conf. v. United States, 342 U.S. 570, 72 S.Ct. 492, 96 L.Ed. 576 (1952); Morrisdale Coal Co. v. Penna. R. R. Co., 230 U.S. 304, 33 S.Ct. 938, 57 L.Ed. 1494 (1913); United States v. Kansas City Southern Railway Co., 217 F.2d 763 (8th Cir. 1954).]

■ In applying the suggested criteria the court must first decide if the Commission has authority to provide full and complete relief. We are told in the briefs that there are four administrative proceedings presently pending before the Commission regarding the legality of these same defendant carriers' rates, and these same shipper plaintiffs are participating in those proceedings. Plaintiffs say, however, the pending proceedings deal only with the lawfulness of rate changes put into effect by defendants on and after December 27, 1971, whereas the present action before the court is for the recovery of damages with respect to rates paid during the statutory period of two years prior to the filing of the complaint herein. It would therefore appear that this case has to do with what may be referred to as the "old rates" rather than those now under investigation by the Commission.

Plaintiffs' right to recover reparations or damages hinges on the lawfulness of the rates under attack in this law suit. Whether these rates are unreasonable or discriminatory calls for initial determination by the Commission under the primary jurisdiction doctrine. Each and every issue raised in the complaint clearly falls within the scope of the doctrine. The argument that the court should retain what would amount only to the "shall" of the law suit for possible action in the future, completely overlooks the undisputed proposition that the Commission can provide full relief capable of ending the controversy. While 49 U.S.C. § 9 gives any person claiming to be damaged the right to make complaint to the Commission or to bring suit in court for the recovery of damages, the authorities are clear that the right of going before the court in the first instance is not absolute and does not apply; where, as here, the entire controversy deals with questions peculiarly within the competence of the Commission.

■ This brings us to the second criterion—are there any "substantial

rights" the plaintiffs will lose if the action is dismissed? If no substantial rights are affected which can be "saved" by retaining jurisdiction, "businesslike" procedures require dismissal of the case. [Far East Conf. v. United States, *supra*; Morrisdale Coal Co. v. Penna. R. R. Co., *supra*.]

As one of the rights which will be saved, plaintiffs assert that dismissal of the action will deprive them of their right to recover damages for the period between March 31, 1970 (the beginning of the 2-year period preceding the filing of the complaint in this court) and the beginning of the 2-year period preceding the filing of a complaint with the Commission. [49 U.S.C. § 16, para. (3)(b).] The court believes the plaintiffs' right to recover damages for the relatively short period involved cannot be termed as being "substantial" under all the circumstances.

According to the affidavit of J. M. Bohannon, Manager of the Planning and Tariff Department of Williams Brothers, none of these plaintiffs have ever protested the rates in effect between March, 1970 and the date of publication of the rates presently under investigation by the Commission. If the more recent rates now under investigation are upheld, the court has grave doubt that the earlier lower rates (those relating to the period partially barred by the statute of limitations) would be found unreasonable. Any challenge to the earlier rates will undoubtedly encompass and make relevant many of the same issues now pending in the Commission's investigation of the recent rates. (We note that the Commission refused to suspend the effective date of the recent rates pending investigation.) Moreover, these plaintiffs are not unsophisticated in matters of this nature. They had ample opportunity to file their complaint before the Commission in more timely fashion if they were so concerned about the amount of damages that might be recovered. The entire argument is more transparent than real and does not justify retention of the case.

Plaintiffs further claim their "right" to discovery under the federal rules will be saved if the action is left pending before the court. They complain that discovery procedures before the Commission are more burdensome and less liberal. With commendable candor counsel admitted in oral argument this is the principal reason the case was filed here instead of before the Commission.

No authority has been cited to substantiate plaintiffs' position, and we believe it to be completely untenable. As previously noted, all of the substantive issues are the subject of the Commission's primary jurisdiction and nothing remains for determination by this court. Retention of the case in order to provide the parties with more liberal discovery would be adding a new dimension to administrative law generally. The court in effect would be usurping an important part of the procedural processes of an administrative agency. Rules of procedure, including the extent of discovery in Commission proceedings, are properly for Congress and the Commission to determine and not, as plaintiffs suggest, for the federal courts. Furthermore, any subsequent proceedings before this court must necessarily involve an evaluation of the Commission's decision and the underlying record before that body. Discovery in this case would serve no useful purpose in determining any question upon which the court might ultimately have to pass. [See Walled Lake Door Company v. United States, 31 F.R.D. 258 (E.D. Mich., 1962).]

The court has carefully considered the two decisions upon which plaintiffs have placed great reliance in urging that the action not be dismissed. United States v. Kansas City Southern Railway Co., *supra*, involved the alleged unreasonableness and inapplicability of certain rates and practices of the railroad, which the government contended entitled

it to damages for breach of contract. Applying the primary jurisdiction doctrine, the district court dismissed the case. The appellate court reversed, noting that the pleadings disclosed certain defenses based upon grounds other than strictly administrative questions, and in addition, there were substantial public funds involved. Since the government could not get complete relief of its claim at the Commission, the court concluded the case was not one "where no rights could be saved by retaining the cause." General American Tank Car Corp. v. El Dorado Terminal Co., *supra*, was essentially a damage action for breach of a written car leasing agreement where during the course of litigation there arose an administrative issue within the Commission's realm of authority. The Supreme Court held the action should not be dismissed but should be held in abeyance pending the conclusion of the administrative proceeding, thus saving to the defendant any defenses it might have in the contract action. In both of the above cases there clearly were issues remaining in the court after referral of the administrative questions. Here, however, nothing remains and no substantial rights will be saved by retention of the case. In Montana-Dakota Utilities Co. v. Northwestern Pub. Serv. Co., 341 U.S. 246, 71 S.Ct. 692, 95 L.Ed. 912 (1951), the court emphasized:

> "It is true that in some cases the Court has directed lower federal courts to stay their hands pending reference to an administrative body of a subsidiary question . . . . But in all those cases the plaintiff . . . concededly stated a federally cognizable cause of action, to which the referred issue was subsidiary. In no instance have we directed a court to retain a case in which it could not determine a single one of its vital issues."

The language of Mr. Justice Frankfurter in Far East Conf. v. United States, *supra*, aptly expresses the proper disposition of this case:

> "We believe that no purpose will here be served to hold the present action in abeyance in the District Court while the proceeding before the Board and subsequent judicial review or enforcement of its orders are being pursued. A similar suit is easily initiated later, if appropriate. Business-like procedure counsels that the Government's complaint should now be dismissed, . . . ."

In view of the court's ruling on the motion to dismiss filed by Williams Brothers, the other pending motions are now moot.

It is therefore by the Court ordered that the motion to dismiss be and the same is hereby sustained. Judgment is entered against plaintiffs for costs.