MOTOR SERVICE CO., INC., APPELLANT, *v.* PUBLIC UTILITIES COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as Motor Service Co. v. Pub. Util. Comm. (1974), 39 Ohio St. 2d 5.]

(No. 73-871—Decided July 3, 1974.)

8

*Mr. Gerald P. Wadkowski,* for appellant.
*Mr. William J. Brown,* attorney general, *Mrs. Cheryl H. Keith, Mr. Keith F. Henley, Messrs. Sanborn, Brandon & Duvall, Mr. James Duvall, Messrs. Stiverson & Alden* and *Mr. James R. Stiverson,* for appellees.

CORRIGAN, J. Appellant's first contention, as set forth in its proposition of law No. 1, is that the applicants and the Public Utilities Commission failed to strictly adhere to the jurisdictional requirements of R. C. 4921.08 and 4921.09 governing applications for irregular route certificates of public convenience and necessity, and that, therefore, the applications must be dismissed.

Appellant's second contention, as set forth in its propositions of law Nos. 2 through 5, is that the commission's opinion and order is unreasonable and unlawful in that it does not specify the manner in which appellant's service is inadequate or the reasons prompting the commission's decision and is, therefore, manifestly against the weight of the evidence and unsupported by it

## I.

Appellant's jurisdictional argument urges five errors allegedly committed by the commission and the applicants. They are:

(1) The Transit Homes application was filed after the outset of hearings in the Morgan and National cases, but the commission allowed a consolidation, enlargement of the application and adoption of testimony;

(2) The commission failed to give ten (10) days notice of a hearing on the Transit Homes application as required by R. C. 4921.09;

(3) Transit Homes' publication did not conform to its amended application;

(4) The application of National was not signed by a corporate officer as required by PUCO Rule 3.03; and

(5) Morgan and Transit Homes did not have a corporate officer appear at the hearings as required by PUCO Rule 3.02.

In relation to the Transit Homes application, appellant urges two grounds for dismissal.

### (A)

First, appellant contends that the amendment of Transit Homes' application to include authority for the "* * * transportation of mobile homes and/or house trailers and personal effects within such mobile homes and/or house trailers * * *" enlarges the scope of authority originally sought by the appellee when it applied for authority to transport "* * * trailers designed to be pulled by passenger automobiles, and buildings and sections mounted on portable undercarriages * * *."

Appellant maintains that Transit Homes' amended application does not conform to its original publication and, in effect, does not apprise motor carriers or the shipping public of the expanded authority sought by the appellee. This contention is without merit.

As the appellee-commission argues, the term "trailers designed to be pulled by passenger automobiles" has been construed by both the Interstate Commerce Commission, in *Illinois Trailer Convoy* (1947), 47 M. C. C. 315, and *Na-*

*tional Trailer Convoy* (1962), 91 M. C. C. 301, and by the Public Utilities Commission, in *In re Application of Riggs,* PUCO Case No. 35,325, order dated May 26, 1970, as a commodity description including mobile homes and/or house trailers and not as a requirement as to motive power. See *National Trailer Convoy* v. *United States* (N. D. Okla. 1965), 240 F. Supp. 286, wherein a federal district court affirmed this same construction by the Interstate Commerce Commission in *National Trailer Convoy, supra* (91 M. C. C. 301).

Appellant's president, Richard Hafner, also testified that appellant held authority from other state commissions to transport house trailers and/or mobile homes. We are of the opinion that Transit Homes' amended application did not enlarge the scope of authority for which a certificate was sought, nor did the publication of its original application prejudice appellant's rights in this cause or mislead the shipping public.

**(B)**

Appellant's second ground for dismissal of the Transit Homes application presents a more serious problem. Appellant contends that the consolidation of Transit Homes' application with those of Morgan and National not only denied appellant its due-process right to cross-examine witnesses in the October hearings as to Transit Homes' application but also, in effect, made Transit Homes a party in the earlier hearings prior to publication of notice of the Transit Homes application and prior to the commission's required ten-day written notice of hearing provision, in violation of R. C. 4921.09. We agree.

This court has held that in any hearing upon an application for a certificate of public convenience and necessity each side of the controversy must be given an opportunity to present its case. *Central Ohio Lines* v. *Pub. Util. Comm.* (1931), 123 Ohio St. 221.

The commission is, likewise, not authorized to revoke a certificate without giving notice to a holder thereof and an opportunity to be heard pursuant to G. C. 614-87 (now

R. C. 4921.10). *Buckeye Stages* v. *Pub. Util. Comm.* (1933), 127 Ohio St. 575.

Where a jurisdictional defect exists and is of such a character that there is a failure to comply with the requirements of the statute, in whole or in part, as a matter of law there can be no substantial compliance. Not every defect in an application or publication, irrespective of its import, dimension and effect, would bar the assumption of jurisdiction by the commission, especially where circumstances indicate that neither the public nor the protesting carriers are prejudiced by the defect. *Ohio Bus Line* v. *Pub. Util. Comm.* (1972), 29 Ohio St. 2d 222.

So, also, where a hearing takes place on protests filed against the granting of a certificate, before publication of notice by an applicant is complete, and no objection is made, and no showing of inability to secure evidence, or other prejudice is made, an order of the commission will not be held to be unreasonable or unlawful on that ground. *Cincinnati Traction Co.* v. *Pub. Util. Comm.* (1925), 113 Ohio St. 618.

In the present case, the commission maintains that consolidation of the Transit Homes application and the adoption of testimony from the October 14 hearing have not prejudiced the appellant, since the appellant had knowledge of the consolidation motion and had an opportunity to argue against it before the examiner. It also maintains that appellant had ample opportunity to cross-examine all the public witnesses who testified on the need for additional service and the deficiency of appellant's service, the only two issues to which, the commission argues, they could properly testify.

The allowance of the motion for consolidation and adoption of previous testimony taken prior to notice by the commission or publication by Transit Homes, however, clearly violates the provisions of R. C. 4921.09. The fact that appellant had knowledge of the motions from the October 28 hearing in no way relieves the commission and the applicant of their statutory duty. Such errors can

not be merely technical where a protestant has been prejudiced by them.

The record in this case indicates that appellant was denied the right to cross-examine public witnesses at the October 28 hearing as to the Transit Homes application, when the attorney-examiner sustained the applicant's objection to that line of questioning. The testimony of those witnesses was subsequently adopted into Transit Homes' record upon consolidation without affording appellant the right of cross-examination, which would have existed had Transit Homes been a party at the time of the hearings.

The procedure adopted by the commission, in allowing consolidation and adoption of this testimony, eliminated Transit Homes' burden of proving the inadequacy of the existing service and the ability of Transit Homes to provide it in the Wood County area, where the public witnesses resided, who testified at the October 28 hearing. The commission's procedure eliminated the necessity for Transit Homes making its own record before the commission. *Post facto* adoption of testimony also deprived motor carriers and the shipping public in the Wood County area of the opportunity to protest Transit Homes' application, as it related to them, in direct contravention of the purpose of the notice and publication provisions of R. C. 4921.09. This court is of the opinion that the aforementioned procedure fails to comply with the statutory requirements of R. C. 4921.09 and has prejudiced the appellant in this cause. The application of Transit Homes is, therefore, dismissed for lack of jurisdiction.

(C)

In regard to the allegation that National violated commission Rule 3.03 in that its application was not signed by a corporate officer, such contention is without merit, since the application was amended pursuant to R. C. 4921.09 with the approval of the commission and without any showing of prejudice to appellant. *Zanesville-Columbus Red Star Co.* v. *Pub. Util. Comm.* (1932), 125 Ohio St. 470.

(D)

Appellant's last jurisdictional objection alleges that a

corporate officer was not called to testify on behalf of applicants Transit Homes and Morgan, as required by PUCO Rule 3.02(C), and, pursuant thereto, the applications must be dismissed. This contention is also without merit.

Rule 3.02(C) provides that the failure of applicants to appear at the hearing is cause for dismissal. There is no evidence in the record that the applicants did not appear at the hearing as required by the rule. The term "appear," as used in the statute, does not specifically require that applicants testify at the hearing. The record clearly shows that the applicants were represented at the hearings by counsel and that appellant made no objection during the course of those hearings. The record does not disclose any showing of prejudice to the appellant as a result of the alleged failure to appear which would warrant a dismissal of the applications.

## II.

Appellant's second argument, as set forth in its propositions of law Nos. 2 through 5, is that the commission's opinion and order is unreasonable and unlawful for the reason that the order does not specify the manner in which appellant's service is inadequate or in what manner it must be improved, and the reasons prompting this decision. We agree.

R. C. 4903.09 provides:

"In all contested cases heard by the Public Utilities Commission, a complete record of all of the proceedings shall be made, including a transcript of all testimony and of all exhibits, and the commission shall file, with the records of such cases, findings of fact and written opinions setting forth the reasons prompting the decisions arrived at, based upon said findings of fact."

In construing former analogous General Code Section 614-46a, this court stated, in paragraph two of the syllabus, in *Commercial Motor Freight* v. *Pub. Util. Comm.* (1951), 156 Ohio St. 360:

"The Public Utilities Commission must comply with the provisions of Section 614-46a, General Code; and a summary of the testimony of each witness and a statement

of the ultimate conclusion reached does not constitute the resume of the facts required by Section 614-46a, General Code.''

In paragraph one of the syllabus, the court expressed its belief that the provisions relating to the granting of certificates of public convenience and necessity for territories already served by certificated carriers and the required procedures attendant to the granting of such certificates (now R. C. 4921.10 and 4921.12) were designed to provide previously certified carriers ''a reasonable opportunity to know at least what service the commission considers as 'reasonably adequate,' or in what respects the existing service is not reasonably adequate.''

The court, at page 363, stated further:

''Probably the principal purpose of Section 614-46a, General Code, was to enable this court to review the action of the commission without reading the voluminous records in Public Utilities Commission cases. Where the commission states the facts found upon which it bases its decision, this court can usually readily determine, as it is required to do by Section 544, General Code, whether the order of the commission is 'unlawful or unreasonable.' A review of the essential facts so found can also be made with the help of record references supplied by opposing counsel in their briefs. The General Assembly never intended this court to perform the same functions and duties as the Public Utilities Commission but it did intend that this court should determine whether the facts found by the commission lawfully and reasonably justified the conclusions reached by the commission in its order and whether the evidence presented to the commission as found in the record supported the essential findings of fact so made by the commission.''

The court there held that a summary of testimony of the witnesses and a statement of the ultimate conclusions reached by the commission were not sufficient to enable the appellant to determine what to do in order to comply with the commission's order or to enable the court to determine whether the commission's order was unlawful or unreasonable.

So, also, in the present case, the commission's order contains only its conclusions of law and a 50-page summary of testimony.

Appellees argue, however, that the order is specific in that the commission made four findings of fact. These findings of fact, however, do no more than state that:

(1) The testimony established a present need for the services which are the subject of the applications;

(2) The applicants have the necessary experience and equipment to provide the needed service;

(3) The protestant has not provided reasonably adequate service (citing the summary of testimony); and

(4) The applications, as amended, and publications thereof are in proper form and in substantial compliance with the statutes of Ohio.

Those findings of fact are unsupported, except for a blanket referral to the 50-page summary of testimony.

Additionally, paragraphs (b), (c), (d) and (e) of the commission's 60-day order require the appellant to, respectively:

(b) Provide local terminals in the subject areas;

(c) Maintain and staff these terminals with competent people to receive and service calls and render a reasonable service consummated within 48 hours of the receipt of a call for service or within a reasonable time;

(d) Adequately publicize that they have authority in the subject areas and the ability to perform; and

(e) Give extremely detailed reasonable assurances that the service described in the 60-day order will be maintained thereafter.

Nowhere in the commission's opinion and order are there findings of fact or reasons supporting the issuance of the aforementioned orders, nor does any citation to the record indicate support for or reasons behind such orders.

It is the opinion of this court that the commission failed to make specific findings of fact, supported by the record, or to state reasons derived therefrom, which prompted its decision, in violation of the requirements of R. C. 4903.09.

For the foregoing reasons, the decision of the Public

16

Utilities Commission is affirmed in part and reversed in part, and the cause is remanded to the commission for further proceedings in accordance with this opinion.

*Order affirmed in part and reversed in part.*

O'NEILL, C. J., HERBERT, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.