By the Court.
 

 In November, 1928, the Michele Transportation Company applied to the Public Utilities Commission for a certificate of public convenience and necessity to transport passengers between the cities of Youngstown and Canton, a distance of about fifty-eight and one-half miles, over a route passing through the municipalities of Canfield, Ells-worth, Berlin Center, Deerfield, Atwater Center, Randolph, and New Baltimore. In its application it proposed to use three motorcars, one every three hours each way from 6 a. m. to 6 p. m., operating upon a two-hours schedule between the termini. There were several existing transportation companies operating over a part of or crossing the route applied for, and these filed their protests or appeared before the commission opposing the issuing
 
 *442
 
 of the certificate to the Michele Company. These protests were of various character, some protesting because the granting of the application interfered by overlapping their existing routes for short distances, some because the route applied for crossed their existing routes, and some protesting generally for the reason that public convenience and necessity did not demand the service applied for by the applicant, and for the further reason that the existing transportation companies, by connecting lines or otherwise, adequately served the territory through which the applicant’s route proposed to pass.
 

 At the close of the applicant’s case before the commission, and without any witness being called by the protestants in opposition to the application, some of the protestants moved to dismiss the application of the plaintiff in error. This motion was granted for the reason, expressed both in the commission’s ruling and in its journal entry, that the territory was already “ reasonably and adequately served by the existing transportation companies, and the public convenience and necessity do not require the service sought to be rendered by this applicant.” A rehearing having been denied, the plaintiff in error filed its petition in error in this court, seeking a reversal of the commission’s order.'
 

 In support of its application the plaintiff in error adduced the evidence of fourteen witnesses, and furbished a map showing the territory and route it proposed to serve, and also the existing transportation lines of most of the protestants. The testimony offered by the applicant disclosed that public convenience and necessity existed for service over a large part of the route of the applicant, and espe
 
 *443
 
 cially was this true of the portions of the route between Boardman and Canfield and between Canfield and Ellsworth, where no transportation was available in either direction to the public residing therein. While the applicant’s proposed route in portions of the territory it proposed to serve was overlapped by other existing transportation lines, the testimony offered by the applicant tended to show that it would be more convenient to the general public residing between Youngstown and Canton to have a through route to either of those cities than to make the several changes required to be made to reach those cities by means of a connection with the transportation facilities now existing. It appears, not from the record, but from the briefs of counsel, that some of these existing transportation companies had restricted certificates of some character. What these restrictions were we have no means of knowing, but the record discloses that counsel for plaintiff in error indicated their willingness that the commission protect the restrictions now enjoyed by the existing operators. It also appears from the record that the receiver of one of the existing transportation lines had applied to take off, three of its four-passenger ears operating between Ellsworth and a point between Deerfield and Atwater Center, which overlapped the applicant’s route; but no indication is contained in the record as to what order the commission made in respect thereto. The chief efforts of the applicant and of the protestants seemed to be confined to the granting of an unrestricted right in the applicant to carry through passengers between Youngstown and Canton. These two industrial cities. have a large population, the former being
 
 *444
 
 about 200,000 and the latter about 140,000; and it was indicated that if the applicant were granted a certificate it would be of little value if applicant were denied the transportation of passengers between those two cities. If any adequate through service is now being rendered to the public from Youngstown and Canton, it is chiefly supplied, if it is supplied, by the combined service of the Stark Electric and the Youngstown & Suburban Transportation Companies. However, this service between Canton and Youngstown can only be made by changing cars at Salem, many of the witnesses testifying that the Salem change was inconvenient for the public travel between those termini. The schedules of the two transportation companies connecting at Salem were not offered in evidence, and the proof offered by the applicant tended to show more or less delay by the connection at Salem, and that there was some inconvenience to the passengers traveling in either direction. In dismissing the application at the close of the applicant’s evidence, the commission may have acted from the knowledge it possessed of its own records, showing the schedules, etc., of the existing companies; but we do not have that knowledge.
 

 We are of the opinion that when the applicant rested, in the absence of countervailing testimony showing the lack of convenience in and necessity for the route applied for, and in the absence of proof showing the adequacy of the present facilities, especially that of the combined service of the Stark Electric and the Youngstown
 
 &
 
 Suburban Companies, the application should have been granted; but in view of the fact that the protestants did not
 
 *445
 
 exercise their opportunity of offering proof, if any, relating thereto, or to meet the case made by the applicant, we are inclined to reverse the case and remand it to the commission for further proof, if any there be, touching the public convenience and necessity for through service for the traveling public between Youngstown and Canton, for service of the territory lying along the applicant’s route between those cities; and for further proof touching the legality and adequacy of service furnished by the present transportation facilities, and especially by the Stark Electric and the Youngstown & Suburban Transportation Companies. We do not pass upon the question of good faith in applying for the certificate in question, since the commission concluded it did not affect their decision.
 

 The order of the commission is reversed, and cause remanded to the commission for further hearing.
 

 Order reversed and cause remanded.
 

 Marshall, C. J., Kinkade, Robinson, Jones, Matthias, Day and Allen, JJ., concur.