SCHWERMAN TRUCKING CO., APPELLANT, *v.* PUBLIC UTILITIES
COMMISSION OF OHIO, APPELLEE.

[Cite as Schwerman Trucking Co. v. Pub. Util. Comm.,
10 Ohio St. 2d 253.]

(No. 40725—Decided June 7, 1967.)

254

256

*Messrs. George, Greek, King & McMahon* and *Mr. A. Charles Tell,* for appellant.

*Mr. William B. Saxbe,* attorney general, *Mr. J. Philip Redick* and *Mr. Langdon D. Bell,* for appellee.

TAFT, C. J. So far as pertinent, the final order of the Public Utilities Commission reads:

"Section 4921.10, Revised Code, imposes upon an applicant for a certificate, the burden of establishing not only a public convenience and necessity for the authority sought, but the additional duty of proving by sufficient probative evidence, that the service furnished or available from existing transportation facilities in the territory is not reasonably adequate. This duty remains constant, despite the fact that a given proceeding may be unprotested. Here, the *applicant's evidence sustained a need for the service proposed, but failed to establish the inadequacy of the service of existing carriers* in the involved areas.

"A thorough search of the record made herein, reveals that the only evidence adduced on the issue of the adequacy of existing service was the statement of the supporting shipper that he knew of no common carrier authorized to perform the service proposed nor had he been solicited by any carriers. The commission is of the opinion that such statements, standing alone, are insufficient on which to predicate a finding of inadequacy of service. The records of this commission indicate that at the time of the hearing, two carriers held authority authorizing in part, the service proposed herein. * * *" (Emphasis added.)

We agree with the commission that Section 4921.10, Re-

vised Code, imposes upon one, who applies for a certificate to operate as a motor transportation company over an irregular route, the burden of proving a public convenience and necessity for the authority sought. However, in our opinion, where public convenience and necessity for the authority sought has been established, the commission cannot (as its order indicates that it did in the instant case) base a denial of the application solely on a failure to prove the inadequacy of service of existing carriers, if there is no evidence in the record as to the service furnished by existing transportation facilities. We believe that this conclusion necessarily follows from the emphasized portions quoted above from Section 4921.10, Revised Code, as well as from our decision in *Michele Transportation Co.* v. *Public Utilities Commission* (1929), 121 Ohio St. 441, 169 N. E. 440.

By Section 4921.10, Revised Code, the commission is empowered to "grant a certificate *only* when the existing motor transportation * * * companies serving such territory do not provide the service required * * * to the satisfaction of the commission." That statute also states that "before granting any certificate the commission shall take into consideration other existing transportation facilities in the territory for which a certificate is sought."

However, unless the record shows that existing transportation facilities in the territory for which a certificate is sought provide a needed service, it would be impossible for this court to review a conclusion of the commission such as that reached in the instant case, although our statutes require us to determine whether the order of the commission is unlawful or unreasonable. See Section 4903.13, Revised Code, requiring us to base our determination "upon * * * the record." Where the commission refuses a certificate for the reason that services furnished by existing transportation facilities are adequate, the next sentence of that statute makes it clear that the record should show what those services are. That sentence requires the commission to refuse a certificate "if it *appears from* the *evidence* that" such "service * * * is reasonably adequate." (Emphasis added.)

Where neither the applicant nor any protestant offers any evidence as to service furnished by existing transportation fa-

cilities in the territory for which a certificate is sought and the commission is of the opinion that such service is reasonably adequate for the public convenience and necessity and proposes to deny an application for a certificate on that ground, the commission should produce evidence for the record as to such service.

In our opinion, the commission's finding that "the applicant's evidence sustained a need for the service proposed," when read in the context of its order, represents a finding "that public convenience and necessity requires such operation."

Since there is admittedly no evidence in the record that existing transportation facilities furnish the service which the applicant proposes, the order of the commission is unreasonable and unlawful and is, therefore, reversed; and the cause is remanded to the commission for further proceedings.

It may be added that the order of the commission appears on its face to be further unreasonable in that it indicates that the existing transportation facilities provide "authority authorizing in part, the service proposed herein." This would not seem to justify denying a certificate for the whole of the proposed service.

*Order reversed.*

ZIMMERMAN, TROOP, O'NEILL, SCHNEIDER and BROWN, JJ., concur.

HERBERT, J., concurs in paragraph two of the syllabus and in the judgment.

TROOP, J., of the Tenth Appellate District, sitting for MATTHIAS, J.