Troyer, Appellant, *v.* Public Utilities Commission of Ohio et al., Appellees.

[Cite as Troyer v. Pub. Util. Comm. (1974), 37 Ohio St. 2d 129.]

(No. 73-720—Decided March 13, 1974.)

130

*Mr. Earl N. Merwin,* for appellant.

*Mr. William J. Brown,* attorney general, *Mr. Keith F. Henley* and *Mr. Walter E. Carson,* for appellee Public Utilities Commission.

*Messrs. Stiverson & Alden,* for appellee Arnold J. Schwinnen, dba Schwinnen Trucking.

*Per Curiam.* The issuance of a 60-day order by the commission serves two functions: (1) It is determinative of the fact that the services of an existing carrier are inadequate to serve the public convenience and necessity; and (2) it sets forth the specific deficiencies which render the services of such carrier inadequate. *Motor Service Co.* v. *Pub. Util. Comm.* (1974), 37 Ohio St. 2d 1. At the subsequent administrative hearing, the sole issue presented for determination is whether the existing carrier has complied with the dictates of the 60-day order. The carrier against whom the order has been issued has the burden of establishing, at the compliance hearing, that it has remedied the deficiencies in service as directed in the 60-day order.

In its opinion and order of May 21, 1973, overruling the report of the attorney examiner, the commission stated:

"*Schwerman Trucking* v. *PUCO,* 10 OS 2d 253, requires the protestant to put evidence on the record that he is not only authorized to service the area for which the application is made but that he is serving such area adequately. The commission found that in its [60-day] order dated July 26, 1972 that protestant Troyer herein is not providing adequate service in the area involved. The commission is also of the opinion, in line with the above *Schwerman Trucking* case that mere statements, standing alone, are insufficient to prove that protestant Troyer is providing adequate service as required by the sixty day order. The

commission requires strict compliance with the provisions of the sixty day order. * * *''

The reliance of the commission upon *Schwerman Trucking Co.* v. *Pub. Util. Comm.* (1967), 10 Ohio St. 2d 253, 227 N. E. 2d 217, is misplaced. *Schwerman* held that if an applicant for an irregular route certificate to operate as a motor transportation company has established the public convenience and necessity for the authority sought, the commission cannot base the denial of the application upon a failure to show the inadequacy of the services of existing carriers, where there is no evidence in the record regarding the services of existing transportation facilities. The *Schwerman* holding was mandated by express statutory language, and was directed to the burden of proof and the adequacy of evidence at public convenience and necessity hearings held pursuant to R. C. 4921.10. *Schwerman* is not dispositive of questions concerning the burden of proof and adequacy of evidence in a compliance hearing held pursuant to the issuance of a 60-day order.

The ''mere statements'' referred to by the commission in its order were part of appellant's sworn testimony at the compliance hearing. That testimony was unchallenged and uncontradicted by any other evidence adduced at that hearing. As such, it should have been considered supportive of appellant's contention that he had complied with the 60-day order.*

Since appellant's testimony and the other evidence introduced at the hearing establish the correctness of the attorney examiner's conclusions upon the issue of compliance, the commission's order is unreasonable and unlawful, and is, therefore, reversed.

*Order reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

---

*In addition to the fact that appellant's testimony was unrebutted, nothing appears in the record which suggests a finding by the commission that the attorney examiner erroneously considered appellant to be a credible witness.