Ideal Transportation Co., Appellant, *v.* Public Utilities Commission of Ohio, Appellee.

[Cite as Ideal Transportation Co. v. Pub. Util. Comm. (1975), 42 Ohio St. 2d 195.]

(No. 74-954—Decided April 30, 1975.)

196

*Messrs. Sanborn, Brandon & Duvall, Mr. James Duvall* and *Mr. James R. Berendsen,* for appellant.

*Mr. William J. Brown,* attorney general, *Mr. Keith F. Henley, Mr. Charles S. Rawlings* and *Mr. Marvin I. Resnik,* for appellee.

CORRIGAN, J. Appellant, Ideal, contends that (1) the findings of the Public Utilities Commission are not supported by the record; (2) the Public Utilities Commission's order fails to state reasons supporting its conclusions; and (3) the order of the Public Utilities Commission is manifestly against the weight of the evidence.

The Public Utilities Commission has recorded 13 findings of fact in its opinion and order, dated June 26, 1974. Appellant, Ideal, argues in its briefs that only findings nine and ten have any bearing upon the denial of Ideal's application, and that both of these findings of fact are not supported by the record. The first premise of this argument is correct. Coming then to the second part of Ideal's contentions, finding of fact nine states:

"Witnesses representative of business entities supportive of Ideal's application indicated that their companies presently do no business in Clark County, Ohio."

This finding seems to be in direct contradiction with the uncontroverted testimony of record.

The following testimony of Mr. Edwin Vice, witness for the shipper, American Aggregates Corporation, alone, clearly establishes said contradiction:

"Q. You were here in the hearing room when the representative for Ideal appeared and testified?

"A. Yes.

"Q. And from your understanding of that testimony, do you feel that Ideal could also render a satisfactory transportation service to your company by use of dump-truck vehicles?

"A. Yes.

"Q. And do you feel that there would be sufficient base to sustain the totality and the business of that company?

"A. Of both companies?

"Q. Yes.

"A. We have in the past used two different carriers.

"Q. In other words, you feel that your company could use and would use both applicants if the authority request is granted?

"A. Yes."

With regard to the question of present Clark County business, Mr. Vice provided the following testimony:

"Q. Would you set forth in some descriptive term for a representative period of time, let's say for a one-year period of time, the volume of traffic received or—excuse me —strike that—the volume of traffic shipped in intrastate commerce from each of these plants, let's take the Lower Valley Pike, for example.

"A. The Lower Valley Pike is really hard to say. We only been in business there since roughly the 1st of November. However, we are anticipating 250,000 ton a year, in that neighborhood.

"Q. What about the other facility?

"A. We found in the past that we will run 250,000 ton a year."

Thus, it is clear that finding of fact nine is unsubstantiated by the record.

Next, we come to a consideration of finding of fact ten, which reads:

"Hageman's geographic location renders it able to respond quickly to a call for service while Ideal's location does not."

This finding does not seem to be supported by the record, either, inasmuch as the president of Ideal, Mr. Scott, testified before the hearing examiner, as follows:

"Q. With respect to the instant application, Mr. Scott, how would the applicant render service to and from points in Clark County, Ohio?

"A. Well, it would come fairly easily for us because

we do a good bit of business around Dayton and Preble County, right now, under our contract permit with the David Joseph Company, and we are just there all the time.

"Q. You have equipment operating in the area at all times?

"A. Yes, sir."

Appellant's witness then went on to testify as to how his company would continue to provide service.

"Q. If the traffic would warrant, would the applicant station equipment or drivers in Clark County to handle any new business?

"A. Yes, sir, figuring on doing that, anyhow.

"Q. And, if the traffic would warrant, would the applicant establish either a terminal or garage or office or other similar facility in Clark County, Ohio?

"A. Yes, sir."

The witness went on to clarify his answers in the following respects:

"Q. And, in your opinion, sir, can the applicant conduct the operation proposed by this application with its present equipment and facilities and render a reasonably adequate service?

"A. Yes, sir.

"Q. Should additional equipment or facilities be required, is it your testimony that you would provide them as a result of this application?

"A. That is right, I would.

"Q. Mr. Scott, prior to the incorporation of Ideal and the transfer of the operating authority that you have described with respect to that company, who owned and operated the authority?

"A. Myself personally.

"Q. And how many years have you been in the trucking business?

"A. Twenty-three.

"Q. If I were to ask you the same questions concerning the applicant's knowledge, ability of compliance with this commission's rules and regulations with regard to the

operations that you conducted prior to the incorporation, would you answer to the same?

"A. Yes.

"Q. If the commission determines to grant the instant application, is it your testimony that your company stands ready, willing and able to provide this service, is that correct?

"A. Yes."

The foregoing uncontroverted testimony conclusively shows that appellant will do whatever is necessary, including the establishment of local facilities, to meet the needs of the Clark County shippers.

Both of the foregoing excerpts of testimony from the record clearly reflect that findings nine and ten of the Public Utilities Commission are not supported by the record and that the commission's order fails to state reasons supporting its conclusions. Where an opinion and order of the Public Utilities Commission fails to state specific findings of fact, supported by the record, and fails to state the reasons upon which the conclusions in the commission's opinion and order were based, such order fails to comply with the requirements of R. C. 4903.09, and is, therefore, unlawful. *Motor Service Co.* v. *Pub. Util. Comm.* (1974), 39 Ohio St. 2d 5.

In addition, the Public Utilities Commission must base its decision upon the record before it. See *Schwerman Trucking Co.* v. *Pub. Util. Comm.* (1967), 10 Ohio St. 2d 253, and *Michele Transportation Co.* v. *Pub. Util. Comm.* (1929), 121 Ohio St. 441.

Therefore, the opinion and order of the Public Utilities Commission, to the extent that it applies to appellant, Ideal Transportation Company, is reversed as being unreasonable and unlawful and is remanded to the Public Utilities Commission for further proceedings in conformity with this opinion.

*Order reversed.*

O'NEILL, C. J., HERBERT, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.